SIMS *v.* MORRIS.

4-9657                                                    245 S. W. 2d 829

Opinion delivered February 4, 1952.

Rehearing denied March 3, 1952.

*J. B. Reed,* for appellant.

*Harold Sharpe* and *John D. Eldridge, Jr.,* for appellee.

GRIFFIN SMITH, Chief Justice. Robert Morris, plaintiff below, was awarded $2,000 by a jury to compensate injuries to his left hand sustained when the rim of a truck wheel came loose while the tire was being inflated by the

plaintiff under the supervision, as he says, of his employer, J. C. Sims, against whom the judgment was rendered. The injury occurred at a filling station operated by Edward Browner, who testified that he had repaired the tire on previous occasions and had observed that the dual-snap rim was badly sprung. At that time he cautioned Morris to be careful in airing the tire. He had also informed Sims of the defect and, inferentially, warned him of its dangerous condition.

The truck, used by Morris to deliver petroleum products, was owned by Sims and the faulty rim was on the inner rear left dual wheel.

It was shown that Morris had operated trucks over a long period of time, had repaired tires, and had done some mechanical work. At the time the accident occurred Sims was standing nearby, giving directions for inflation. Morris had difficulty in getting the air hose into workable position, and had failed to connect by inserting the hose between the two wheels. While attempting to overcome the difficulty it was ascertained that the valve stem was depressed to such an extent that effective manipulation was difficult. Appellee's testimony is that he asked Sims what to do, and the latter suggested the use of a screwdriver. Appellee contends that the purpose for which the screwdriver was to be used had been accomplished before the injury occurred, and that thereafter Morris, having elevated the valve, inserted his hand through an aperture and was airing the tire when pressure caused the casing to be suddenly driven against the defective rim in such a manner that appellee's left hand was caught between the dual wheels and crushed. He was held in that position for a considerable period—until Browner gave relief by removing lugs from the outside wheel.

Appellant argues (a) that the court erred in not directing a verdict in his favor; or if this contention be not sustained, then (b) preponderating proof established contributory negligence; (c) the risk was assumed; (d) the court erroneously instructed the jury that Morris was not an independent contracter; (e) appellant's re-

quested instructions 4, 6, and 7 should have been given; (f) it was error to give plaintiff's instructions 1, and No.'s 2 and 3 as amended.

The instructions are not abstracted, so we do not consider whether appellant is correct in his allegations in these respects.

Contributory negligence and assumed risks are ordinarily for the jury. Unless an appellate court can say as a matter of law that a plaintiff, in circumstances from which injury resulted, was acting upon his own initiative, or that the transaction was so simple that no reasonable person would be expected to make inquiry, a factual factor is injected when the master directs a servant to perform a specific task in a particular way when there are latent or apparent defects. Here each party knew that the rim was defective, but the master directed repairs in a situation where the jury could have found— as it obviously did—that the safer course would have been to have an experienced mechanic inflate the tire.

The jury seemingly resolved all reasonable doubts in favor of the plaintiff, but it was dealing with a factual structure, and the restraining hand of an appellate court will not interfere where substantial evidence was given.

See *Sallee* v. *Shoptaw,* 210 Ark. 600, 198 S. W. 2d 842, distinguishable from the instant appeal in that Shoptaw was a filling station employe whose business it was to repair tires. Also see *Leo J. Ambort & Sons* v. *Bratton,* 216 Ark. 725, 227 S. W. 2d 617.

Affirmed.